Filed 3/29/22  P. v. Williams CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

*California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONALD LEE WILLIAMS,<br><br>    Defendant and Appellant. | B307212<br><br>Los Angeles County<br>Super. Ct. No. A710082 |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge. Affirmed.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 1991, defendant Donald Lee Williams and a codefendant were convicted of first degree murder. The jury also found a felony-murder special circumstance true. Williams appeals from the denial of his petition for recall and resentencing under Penal Code section 1170.95. He contends that the trial court improperly reviewed the record of conviction and that the true finding on the special circumstance does not bar relief. We conclude that based on the instructions at trial, the jury could not find the special circumstance true unless it concluded Williams was either the actual killer or acted with malice aforethought. Because he could not have been convicted under a now-invalid theory of murder, he is ineligible for relief as a matter of law. We therefore affirm.

# BACKGROUND

In 1991, a jury convicted Williams of one count of murder (Pen. Code,[1] § 187, subd. (a); count 9) and found true the special-circumstance that the murder was committed during a robbery (§ 190.2, subd. (a)(17)). The jury also convicted him of numerous other crimes and enhancements not relevant here. The court sentenced Williams to life without the possibility of parole for count 9 and multiple life sentences for the other counts. By unpublished opinion, a different panel of this court reversed two attempted robbery counts because they were lesser-included offenses of attempted kidnap for robbery, of which the defendants were also convicted; modified both defendants' pretrial custody credits; and otherwise affirmed the judgment. (*People v. Williams*

---

[1] All undesignated statutory references are to the Penal Code.

2

*and Christopher* (B065595, June 3, 1995 [nonpub. opn.], pp. 1, 2, 37.)

In March 2019, Williams petitioned for recall and resentencing under section 1170.95 stating he had been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine; at trial, he was convicted of felony murder or murder under the natural and probable consequences doctrine; and he could not be convicted of murder under present law because he was not the actual killer, a direct aider and abettor, or a major participant who acted with reckless indifference to human life, as described in section 190.2, subdivision (d). At his request, the court appointed counsel to represent him. The prosecution filed an opposition and counsel for Williams filed a reply.

On August 12, 2020, at a contested hearing, the court denied the petition:

> I do find in this case there is no prima facie case made. Specifically, the pre-Prop. 115 special circumstance instruction required a finding that the defendant actually had the intent to kill. And that was before the extra option of being a major participant. So, necessarily, the jury found the defendant had the intent to kill. And he could be prosecuted today under that theory. So that is my ruling. The defendant has failed to make a prima facie showing as required by 1170.95.

Williams filed a timely notice of appeal.

## DISCUSSION

**1. The Law of Murder and Senate Bill No. 1437**

Murder is "the unlawful killing of a human being … with malice aforethought." (§ 187, subd. (a).) Malice may be express or implied. (§ 188.) Express malice is the intent to kill, whereas implied malice exists "where the defendant … acted with conscious disregard that the natural and probable consequences of [his or her] act or actions were dangerous to human life. [Citation.]" (*People v. Gonzalez* (2018) 5 Cal.5th 186, 197.) Although malice is an element of murder, when Williams was convicted, the law allowed defendants who did not act with malice to be liable for murder under certain circumstances.

"First, under the natural and probable consequence[s] doctrine, a defendant who aids and abets a confederate in committing a crime (the target offense) is liable for other crimes committed by the confederate if those further crimes were natural and probable consequences of the target offense. [Citation.] Thus, under prior law, if the direct perpetrator of the target offense committed murder, and the murder was a natural and probable consequence of the target offense, then an aider and abettor of the target offense would be liable for the murder even if the aider and abettor did not act with malice. (*People v. Gentile* (2020) 10 Cal.5th 830, 845 ['until recently, when a person aided and abetted a nonhomicide crime that then resulted in a murder, the natural and probable consequences doctrine allowed him or her to be convicted of murder without personally possessing malice aforethought'].)" (*People v. Eynon* (2021) 68 Cal.App.5th 967, 973 (*Eynon*).)

Second, under prior California law, every accomplice to an enumerated felony could be convicted of first degree murder if a

4

death occurred during the commission of that felony—regardless of whether the accused killed or intended to kill. (See *People v. Dillon* (1983) 34 Cal.3d 441, 462–472.)

Senate Bill No. 1437 (S.B. 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) It accomplished this " 'by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, §§ 2–3.)' [Citation.]

"Amended section 188 provides that, except for first degree felony murder, 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).) The requirement that the principal act with malice eliminates all murder liability under the natural and probable consequences doctrine. [Citation.]

"Amended section 189 limits the first degree felony-murder rule by imposing new requirements for its application. The statute provides that, unless the victim is a peace officer killed in the line of duty, a defendant cannot be liable for first degree felony murder unless the defendant was the actual killer, acted with intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. [Citations.]" (*Eynon, supra,* 68 Cal.App.5th at pp. 973–974.)

5

## 2. Section 1170.95

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories of murder the opportunity to petition for resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.)[2] Section 1170.95, subdivision (a)(3), describes who may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c) describes the process the court uses to determine whether the petitioner is entitled to an evidentiary hearing: Appoint counsel, if requested; wait for the prosecutor's required response and the petitioner's optional reply; if the petitioner makes a prima facie showing that he or she is entitled to relief, issue an order to show cause. (*Lewis*, *supra*, 11 Cal.5th at p. 966.)

As relevant here, a petitioner makes a prima facie showing that he is entitled to relief by demonstrating:

> (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of … murder under the natural and probable consequences doctrine.

---

[2] As enacted, section 1170.95 applied only to people convicted of murder, but on October 5, 2021, the Governor signed Senate Bill No. 775, which expanded eligibility under the statute to people who had been charged with either murder or attempted murder and convicted of attempted murder or manslaughter. (Stats. 2021, ch. 551, § 2.)

(2) The petitioner … accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

(3) The petitioner could not presently be convicted of murder … because of changes to Section 188 or 189 made effective January 1, 2019.

(§ 1170.95, subd. (a); Stats. 2021, ch. 551, § 2.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may deny a petition at this stage only if the petitioner is ineligible for relief as a matter of law. A petitioner is ineligible for relief as matter of law if the record of conviction shows that he or she **could not** have been convicted under any theory of liability affected by S.B. 1437— such as where malice aforethought was the only theory presented to the jury.

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) Instead, the record should be consulted at the prima facie stage only to determine " 'readily ascertainable facts,' " such as the crime of conviction and findings on enhancements. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; *Lewis*, at p. 972.) " '[T]he prima facie bar was intentionally and correctly set very low.' " (*Lewis*, at p. 972.)

If the petitioner establishes a prima facie entitlement to relief, the court must issue an order to show cause.

Subdivisions (d)–(g) describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

We independently review the trial court's determination that Williams's record of conviction refuted his allegations that he is eligible for relief under section 1170.95. (See *Eynon, supra,* 68 Cal.App.5th at p. 975.)

### 3. Williams was convicted under a still-valid theory of murder.

The People contend, and we agree, that Williams is ineligible for relief as a matter of law. The jury in this case was instructed that it could return a true finding on the felony-murder special circumstance *only* if it found beyond a reasonable doubt that Williams was either the actual killer or an aider and abettor who acted with the specific intent to kill:

> If you find a defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance is true or not true: the murder was committed by the defendant(s) Donald Lee Williams and/or Anthony Christopher … in the commission or attempted commission of the crime of robbery.
>
> [¶] … [¶]
>
> If you find beyond a reasonable doubt that a defendant was either the actual killer[,] a co-conspirator, or [an] aider and abettor, but are unable to decide which, then you must also find beyond a reasonable doubt that a defendant *with intent to kill*

participated as a co-conspirator with or aided and abetted an actor in the commission of the murder in the first degree, in order to find the special circumstance to be true. [¶] On the other hand, if you find beyond a reasonable doubt that a defendant *was the actual killer*, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true.

(Italics added.)

The jury was also instructed:

> *Before the special circumstance allegation can be found true, you must find that a non-shooting defendant had the specific intent to kill* at the time of the actual shooting of Mr. Morales. While you may consider as circumstantial evidence any act, whether before or after the killing, *the prosecution must prove a specific intent to kill* at the time of the actual killing.

(Italics added.) And:

> Before a special circumstance allegation can be found true as to an aider or abett[o]r or co-conspirator, who did not actually kill, *the prosecution must prove that such defendant had a specific intent to kill … .* [¶] While a major participant in violent felonies such as armed robberies may frequently anticipate that lethal force might be used to accomplish the underlying felony, that is not the test. *You must find that the non-shooting defendant specifically wished and intended that another person*

9

*would die.* If the prosecution has not proven the intent to kill beyond a reasonable doubt, you must find that allegation to be untrue.

(Italics added.) And again:

> *As to a non-shooting defendant*, evidence that he acted with reckless indifference to human life during the commission of an armed robbery which resulted in the death of a human being *is insufficient to sustain a finding that such defendant had a specific intent to kill.*

(Italics added.)

Finally, although the jury was instructed on felony murder and the natural and probable consequences doctrine, it was specifically told that those instructions did *not* apply to the felony-murder special-circumstance allegation.

Based on these instructions, the jury found the felony-murder special circumstance true. In so doing, the jury necessarily found that Williams either was the actual killer or acted with malice aforethought. Because the jury instructions and verdicts, without more, establish that Williams was convicted under a still-valid theory of murder, he is ineligible for section 1170.95 relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th, at pp. 971–972.) As such, the petition was properly denied.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

LIPNER, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.